UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KORAN JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-00829-EGL-NAD |
| MARK PETTWAY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

After screening plaintiff Koran Jones's amended complaint (Doc. 8), as required by 28 U.S.C. § 1915A(b), the magistrate judge entered a report on October 14, 2025, recommending that the court dismiss all claims except Jones's First Amendment free exercise claim and Eighth Amendment deliberate indifference claim against Sheriff Mark Pettway and Jail Chaplain Hardy in their individual capacities. Doc. 11. The magistrate judge further recommended that the court refer the remaining claims to him for further proceedings. *Id.* at 14-15. Jones filed timely objections to the report and recommendation. Doc. 12.

Jones first objects to the finding that the defendants are entitled to Eleventh Amendment immunity on Jones's official capacity claims on the ground that Title II of the Americans with Disabilities Act (ADA) "abrogate[s] state sovereign immunity." *Id.* at 3; *see United States v. Georgia*, 546 U.S. 151, 159 (2006). But

Jones did not bring an ADA claim in his amended complaint, and does not demonstrate that he could state a valid claim under that Act. Jones has not asserted or shown that he is a qualified individual with a disability.[1] *See* doc. 8 at 3 (listing Jones's claims as violations of due process and religious rights under the First and Fourteenth Amendments, and violations of the cruel and unusual punishments clause under the Eighth Amendment); *see also Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1322 (11th Cir. 2021) (setting forth the elements of a Title II ADA claim).

Jones asserts that Muslims are "stigmatized by erroneous perceptions and archaic attitudes," doc. 12 at 6, but that assertion does not give rise to a "qualified disability" as that term is defined by the ADA.[2] *Contra id.* at 4-5. Jones's claim of "emotional stress" (*see id.* at 29) does not change this outcome.

Nor can Jones bring new ADA claims in his objections to the report and recommendation. District Courts are under no obligation to consider arguments raised for the first time in an objection to a magistrate judge's report and recommendation, much less claims that were not pleaded. *Williams v. McNeil*, 557

---

[1] The ADA defines "disability" as (A) "a physical or mental impairment that substantially limits one or more of major life activities of such individual, which includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working"; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1), (2)(A).

[2] The court is unable to find any case nationally which found religious beliefs to satisfy the "disability" requirement of the ADA.

F.3d 1287, 1290-92 (11th Cir. 2009). The Eleventh Circuit observed in *Williams* that "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id.* at 1292 (quoting *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

Jones next objects to the conclusion that his official capacity claim for prospective injunctive relief is moot, based on his theoretical assertion he could return to the Jefferson County Jail at some point in the future. Doc. 12 at 9. But "[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief," even when "there is no assurance that he will not be returned to the jail." *McKinnon v. Talladega Cty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that an inmate's claim was moot where he challenged "unconstitutional conditions in a single jail where [he] is no longer incarcerated"); *Robbins v. Robertson*, 782 F. App'x 794, 799-800 (11th Cir. 2019) (holding that, after the plaintiff's transfer, his claim for injunctive relief against his former prison officials was moot). That general rule applies here.

Jones asserts that he could seek post-conviction relief under Alabama Rule of Criminal Procedure 32; that if he filed such a petition he "could obtain an evidentiary hearing;" and if that occurred he could be "held in the County Jail until the

3

conclusion of [his] evidentiary hearing." Doc. 12 at 9-10. Jones adds that "[t]here is no way to determine the 'likelihood' of Plaintiff never returning to the Jefferson County Jail ...." *Id*. at 10. But Jones has not even asserted that he is likely to file a Rule 32 petition, nor explained what grounds he would raise and why they would merit an evidentiary hearing. Thus, Jones's argument that he could return to the Jefferson County Jail for an evidentiary hearing, based on a habeas petition he has not filed, is far too speculative to allow a claim for prospective injunctive relief to proceed.

Jones next objects to the conclusion that his Fourteenth Amendment substantive due process claim is subsumed by his First Amendment religious freedom claim. *Id.* at 11-12. Jones argues the opposite should be true, that his First Amendment claim "should be construed within Plaintiff's substantive due process right(s) claim--And not the other way around." *Id.* at 12. To the extent Jones is simply noting that the Fourteenth Amendment "incorporates specific protections defined in the Bill of Rights," *id.*, he is correct. But to the extent he is asserting that his religious exercise claims should be assessed under a Fourteenth Amendment substantive-due-process framework, he is mistaken. As correctly set forth by the magistrate judge, the First Amendment provides a cause of action for claims asserting violations of religious freedom, and accordingly, the First Amendment—not substantive-due-process jurisprudence—provides the proper analysis. *See id.*;

4

*see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, ... the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process").

Lastly, Jones objects to the conclusion that the Constitution does not require jails and prisons to provide grievance procedures, and that no constitutional right attaches to grievance procedures provided. Doc. 12 at 16 (quoting doc. 11 at 13). Jones argues that even without a liberty interest in grievance procedures, if a jail or prison elects to offer such procedures to inmates, it must provide "the rudiments of fundamental fairness." *Id.* The Eleventh Circuit disagrees. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]s various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure."); *see also Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."); *see also Moore v. McLaughlin*, 569 F. App'x 656, 659 (11th Cir. 2014) (holding that prisoners do not have a constitutional right to have officials respond to their grievances); *Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (finding that the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either

5

ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures").

While Jones attempts to distinguish his claims from those in *Bingham*, the alleged differences do not change this outcome. *See* Doc. 12 at 21-22. *Bingham* stands for the broad proposition that "an inmate has no constitutionally-protected liberty interest in access to [a grievance] procedure." 654 F.3d at 1177. The Eleventh Circuit concluded that because "a prison grievance procedure does not provide an inmate with a constitutionally protected interest," a claim concerning the adequacy of those procedures was "frivolous" under 28 U.S.C. § 1915A. *Id.* at 1177-78.

Jones asserts that, because the § 1983 prisoner complaint form used in this court contains questions about grievance procedures, "logic dictates that there are very important roles that Grievances play[] in the decisional process of a Court ...." Doc. 12 at 19. But the questions about grievance procedures exist because, under the Prison Litigation Reform Act, a prisoner must fully exhaust any administrative grievance procedures available to him prior to filing suit. 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[E]xhaustion in cases covered by § 1997e(a) is now mandatory."). Indeed, Jones recognizes the requirement of exhaustion of administrative remedies before "seeking review by a federal court." Doc. 12 at 25-26. That the Court may inquire into whether § 1983 plaintiffs

exhausted administrative remedies does not give rise to a liberty interest in those remedies.[3]

Having carefully reviewed and considered *de novo* all the materials in the court file, including Jones's objections and the report and recommendation, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendation. The court **ORDERS** that all of Jones's claims, **EXCEPT** his claims against Sheriff Pettway and Chaplain Hardy in their individual capacities for violations of his First and Eighth Amendment rights, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

The court **REFERS** the remaining First Amendment free exercise claim and the Eighth Amendment deliberate indifference claim to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this 21st day of November, 2025.

_____
**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE

---

[3] At most, the question of a prison official's failure to respond to a grievance could impact a prisoner's ability to administratively exhaust a claim prior to filing suit. But here, the magistrate judge considered each of the plaintiff's claims on its merits, and, as previously stated, exhaustion is an affirmative defense under the PLRA, and therefore not a proper consideration for the court in considering claims on initial review under 28 U.S.C. § 1915A. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Jones's reliance on an Alabama case concerning a disciplinary hearing is misplaced (*see* doc. 12 at 26-27) because a different set of constitutional requirements applies to disciplinary actions. *See generally Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).